UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| TYRONE HURT, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-791 (RMU) |
| | : | | |
| v. | : | Document No.: | 13 |
| | : | | |
| SOCIAL SECURITY ADMINISTRATION, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS

## I.   INTRODUCTION

This case involves an appeal by the plaintiff, Tyrone Hurt, appearing *pro se*, from the Social Security Administration's ("SSA") determination that the plaintiff had been overpaid Supplemental Security Income ("SSI") Benefits in June, 2002. The defendant has moved to dismiss the complaint on the ground that the plaintiff has failed to exhaust administrative remedies. Because the plaintiff has not exhausted his administrative remedies, the court grants the defendant's motion to dismiss.

## II.   BACKGROUND

The plaintiff is currently receiving SSI benefits based on an application filed by him on May 23, 1996. Def.'s Mot., (Dunaway Decl.) ¶ 3(a).[1] On June 11, 2002 the SSA notified the

---

[1] In evaluating a motion to dismiss based on failure to exhaust administrative remedies, the court may consider matters outside the pleadings. *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003); *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 162

plaintiff that the SSA had overpaid $181.66 in benefits to him for that month. *Id.*, ¶ 3(b). SSA also informed the plaintiff that he had 30 days to ask for a waiver or file an appeal before SSA began to collect the overpayment. *Id.* SSA intended to recoup the overpayment by deducting $54.50 a month starting in September, 2002 from the plaintiff's future benefits payments. *Id.* The plaintiff was advised that he could seek a waiver of this deduction within 30 days or request a reconsideration of the overpayment within 60 days. *Id.*

According to SSA records, the plaintiff never filed an appeal of the overpayment decision or collection procedure. *Id.* ¶ 3(c). The plaintiff then filed the present action on April 20, 2005, alleging that the deduction from his benefits violated his constitutional rights. Compl. p. 2.

### III.   ANALYSIS

#### A.   Legal Standard for a Motion to Dismiss

In considering a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "[t]he plaintiff bears the burden of persuasion to

---

(D.D.C. 2003); *Fowler v. District of Columbia*, 122 F. Supp. 2d 37, 39-40 (D.D.C. 2000).

establish subject-matter jurisdiction by a preponderance of the evidence." *Rwanda v. Rwanda Working Group*, 150 F. Supp. 2d 1, 5 (D.D.C. 2001).

### B.   The Court Grants the Defendant's Motion to Dismiss

To obtain judicial review of a determination involving social security benefits, the plaintiff must first exhaust his administrative remedies. *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993). Hence, 42 U.S.C. § 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

The Commissioner's "final decision" is therefore a prerequisite to subject matter jurisdiction in this Court. *See Ryan*, 12 F.3d at 247. The administrative process involves four steps: an initial determination, a reconsideration determination, a hearing and decision by an Administrative Law Judge ("ALJ"), and an administrative appeal of the ALJ's decision. *See* 20 C.F.R. §§ 404.902, 404.907, 404.929, 404.967. The claimant may then seek judicial review of the Commissioner's final decision. 20 C.F.R. § 404.981.

The exhaustion requirement, however, can be waived. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). There are two judicially recognized exceptions to the exhaustion requirement. First, waiver can occur when the issue decided by the Commissioner is one of constitutional dimension and exhaustion would be futile. *See Weinberger v. Salfi*, 422 U.S. 749, 765-66 (1975). Waiver is also sanctioned when the claimant's challenge is collateral to his claim of entitlement to benefits and he would suffer irreparable harm if forced to exhaust. *See Eldridge*, 424 U.S. 330-

31; *Ryan*, 12 F.3d at 248.

It is undisputed that the plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. There was no "final decision' and thus the plaintiff is not entitled to seek judicial review. In addition, the plaintiff's case does not fall into either of the exceptions to the exhaustion requirement. The SSA's overpayment determination does not raise issues of constitutional import. Given the fact that the plaintiff did not file his complaint until almost three years after the SSA's notice to him, it is clear that the plaintiff will not suffer irreparable harm if he is required to exhaust.

## IV.   CONCLUSION

For all of the foregoing reasons, the court grants the defendant's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of December, 2005.

RICARDO M. URBINA
United States District Judge